SHIELDS ET AL.   The judgment of the Parish Court is therefore affirmed in all
vs.
PAUL.   respects, except that the plaintiffs shall, during the existence
of their charter, have the use of that portion of the *Place Gra-*
*vier* set forth in the contract made with Dennis Prieur, Mayor
of the city of New Orleans, on the 18th day of the month of
July, in the year 1833. The defendants to pay the costs of
this appeal.

---

## SHIELDS ET AL. vs. PAUL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The endorser has a right to recover the damages which he has paid on a protest-
ed bill of exchange, from the acceptors, through whose fault his liability as
endorser had attached.

The gratuitous refunding by the holders, to an endorser, damages on a protested
bill paid by him, confers no right on the acceptors to recover them from him,
although they had also paid or refunded to him on judgment rendered.

This is an action to recover the sum of $417 17, the amount
of damages on a protested bill of exchange, accepted by them
and paid by the defendant as endorser, but which they subse-
quently paid and refunded to him. They allege he has receiv-
ed the amount of damages on said bill twice; the same having
been refunded to him by the Bank of Mobile, the holder of said
bill. They pray judgment, that the said damages be paid
over to them.

The defendant pleaded the general issue; and denied speci-
ally that he was liable to refund the money demanded. He

admitted the transactions which led to the refunding the damages on the protested bill in question, but averred the plaintiffs had no right to hold him liable to them.

There was judgment for the plaintiffs and the defendant appealed.

*C. M. Jones*, for the plaintiffs.

*Barton*, contra.

*Bullard, J.* delivered the opinion of the court.

The defendant, James Paul, being the endorser of a bill of exchange, drawn upon Shields, Turner & Renshaw, by whom it was accepted, which bill had been negociated to the Bank of Mobile, paid the same after protest for non-payment, together with costs, interest and ten per cent. damages, according to the law of Alabama. He thereupon sued the said acceptors and recovered the amount of the bill together with the damages which he proved he had paid to the Bank. That judgment was afterwards satisfied. The Bank of Mobile subsequently refunded to Paul the damages he had paid upon the protested bill, and the present action is brought by the acceptors to recover back said amount of damages; they alleging that the said damages were remitted in pursuance of an act of the legislature of the State of Alabama, giving to certain banks time to resume specie payments, upon certain conditions. The defendant is appellant from a judgment which condemned him to refund the amount of damages 'thus received by him in pursuance of his judgment against the acceptors.

We are of opinion the court erred. It is clear that Paul, having himself paid the damages on the protested bill, had a right to recover them from the acceptors, through whose fault the liability of the endorser had attached. There was therefore no error in the judgment, which would authorize the plaintiffs to claim a restitution of the amount upon the principles of the *condictio indebite*. The only inquiry therefore is, whether the subsequent refunding of the damages to Paul by the Bank

EASTERN DIS. *June*, 1841.

SHIELDS ET AL. *vs.* PAUL.

The endorser has a right to recover the damages which he has paid on a protested bill of exchange, from the acceptors, through whose fault his liability as endorser had attached.

EASTERN DIS. of Mobile created any legal obligation on the part of Paul to
June, 1841. make restitution to the present plaintiffs.

SHIELDS ET AL.    The act of the legislature of Alabama " to extend the time of
*vs.*
PAUL. indebtedness of the Bank of the State of Alabama, &c." which
appears to be relied on by the plaintiffs, in their petition, autho-
rizes the State Bank of Alabama and its branches, and even
compels them to refund damages on protested bills of exchange
to those by whom they had been paid. So far as it relates to
the State Bank and its branches, such restitution or remission
as the case might be, may be regarded under that statute as
one of the conditions upon which the suspension of specie pay-
ments was tolerated for a limited period. But nothing shows
that the Bank of Mobile was under any such legal obligation
to remit or restore the damages on protested bills. The ninth
section of that act relates exclusively to the State Bank; (acts
of 1837, page 9.) Whatever may have induced the Bank of
Mobile to restore the amount in this case, whether it was the
punctuality of the endorser, or a desire to be as liberal as the
State Bank, or that it became ashamed of exacting the pound
of flesh from its delinquent debtors, while it was paying its
own engagements only in new and perhaps illusory promises
to pay, in constant violation of its charter, there is no evidence
in the record to show that any favor was intended to be con-
ferred upon the present plaintiffs. So far as it appears, we
must regard the act of the bank as one of pure liberality out of
personal consideration for the defendant, and conferring no
legal rights upon the plaintiffs in this case.

*The gratuitous refunding by the holders, to an endorser, dam-ages on a pro-tested bill paid by him, confers no right on the acceptors to re-cover them from him, although they had also paid or refunded to him on judg-ment rendered.*

   It is therefore ordered and adjudged that the judgment of
the District Court, be reversed, and ours is for the defendant
with costs in both courts.